**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Encompass Home and Auto Insurance Company, <br><br> Plaintiff, <br><br> -v- <br><br> The Law Office of Jonathan D. Mandell, LLC, Jonathan D. Mandell, Lisa Wainer, CCP Solutions, LLP, <br><br> Defendants. <br><br> The Law Office of Jonathan D. Mandell, LLC, Jonathan D. Mandell, Lisa Wainer, <br><br> Third-Party Plaintiffs, <br><br> -v- <br><br> BMO Bank, NA, Diahann Warren, Hartford Underwriters Insurance Company, <br><br> Third-Party Defendants. | 2:25-cv-2128 (NJC) (AYS) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Encompass Home and Auto Insurance Company ("Encompass") brings this action against The Law Office of Jonathan D. Mandell, LLP (the "Law Office"), Jonathan D. Mandell, Lisa Wainer, and CCP Solutions, LLP ("CCP" and together, "Defendants"). The Complaint invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). On June 4, 2026, the Court issued an order (the "Order") requiring Encompass to show why this action should not be dismissed for lack of subject matter jurisdiction. (Order, ECF No. 68.) On June 10, 2026, Encompass filed a response (the "Response") (Resp., ECF No. 71), along with a sworn

declaration from Eric Zeisler, an Encompass employee (Resp., Ex. A ("Zeisler Decl."), ECF No. 71-1), a joint stipulation of facts by Encompass and Defendants (Resp., Ex. B ("Law Office Stip."), ECF No. 71-2), and a separate joint stipulation of facts by Encompass and CCP (Resp., Ex. C ("CCP Stip."), ECF No. 71-3).

Encompass's Response fails to establish that this Court has diversity jurisdiction over this action. Accordingly, the Complaint is dismissed without prejudice to refiling in the proper forum for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**LEGAL STANDARDS**

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). In determining the citizenship of a party, the following standards apply.

2

"[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). By contrast, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). The requirement to establish the citizenship of a limited liability company ("LLC") by identifying all individual members of the LLC and demonstrating the citizenship of each member is "scrupulous[ly] enforce[d]." *Platinum-Montaur*, 943 F.3d at 618–19. Indeed, the Second Circuit has acknowledged that this requirement "may make it more difficult" for LLCs "to sue or to be sued in federal court under diversity jurisdiction." *Id.* at 619. But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). Similarly, the citizenship of a limited liability partnership (an "LLP") is also determined by the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000); *see also Moran v. Proskauer Rose LLP*, No. 1:17-cv-423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) ("For the purposes of diversity jurisdiction, the citizenship of limited liability partnerships . . . is determined by the citizenship of all of its members.").

Accordingly, in order to establish a federal court's diversity jurisdiction over an action involving an LLC or an LLP, the party asserting jurisdiction must identify each member of the LLC or LLP and "properly plead each member's citizenship." *Kenshoo*, 586 F. Supp. 3d at 181; *see also Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18, 2025) (holding that this requirement is not excused by the fact that most "[p]ublic filings for LLCs generally do not disclose" LLC members).

Additionally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal [diversity] jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged

4

must be plausible, i.e., supported by factual allegations in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth").

## DISCUSSION

Encompass has established that the amount in controversy exceeds $75,000 for the reasons set forth in the Order to Show Cause. (Order at 4.) Additionally, Zeisler's declaration establishes that Encompass is a citizen of Delaware and Illinois, as Encompass is incorporated in the state of Delaware and maintains its principal place of business in Illinois. Zeisler Decl. ¶¶ 3–4; *see Bayerische Landesbank*, 692 F.3d at 48 ("[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business."). However, Encompass has failed to establish the citizenship of the Law Office and CCP.

Encompass relies on its joint stipulation with the Law Office to establish the Law Office's citizenship. However, in the joint stipulation, the parties' assert in a conclusory fashion that the Law Office "is a Limited Liability Partnership organized under the laws of the State of New York with each of its members residing in and being citizens of the State of New York." (Law Office Stip. ¶ 1.) However, the joint stipulation fails to identify any members of the Law Office and to provide any factual support for the notion that each member is a New York citizen. *See id.*; *see also Moran*, 2017 WL 3172999, at *3 ("For the purposes of diversity jurisdiction, the citizenship of limited liability partnerships . . . is determined by the citizenship of all of its members."). As such, Encompass's threadbare stipulation does not satisfy the Court's order to support "all material facts by sworn affidavit[.]" (Order at 6.) Further, "[g]raven in stone is the maxim that parties cannot confer jurisdiction on a federal court by consent or stipulation." *Reale*

*Int'l, Inc. v. Fed. Republic of Nigeria*, 647 F.2d 330, 331 (2d Cir. 1981); *see also City of New York v. Fleet Gen. Ins. Group, Inc.*, No. 22-2867, 2024 WL 3517856 (2d Cir. July 24, 2024) (same) (summary order). Accordingly, Encompass's reliance on its joint stipulation with the Law Office, which contains no facts to demonstrate the citizenship of each member of the Law Office, is insufficient to establish the Law Office's citizenship.

Encompass's reliance on its joint stipulation with CCP suffers from the same defect. Rather than identifying CCP's members and providing facts demonstrating the citizenship of each member, the joint stipulation simply asserts that "[a]ll members of CCP Solutions, LLC are domiciled in and are citizens of the State of New York." (CCP Stip. ¶ 2.) This conclusory stipulation does not establish CCP's citizenship. *See Handelsman*, 213 F.3d at 52.

## CONCLUSION

Encompass has failed to establish that the parties to this action are completely diverse as required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore dismissed without prejudice to refiling in the proper forum for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P.

Dated:  Central Islip, New York
        June 26, 2026

    */s/ Nusrat J. Choudhury*
    NUSRAT J. CHOUDHURY
    United States District Judge

6